UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARILYN SVOBODA and<br>MICHAEL SVOBODA,<br><br>        Plaintiffs,<br><br>vs.<br><br>SMITH & NEPHEW, INC.,<br>THE WASHINGTON UNIVERSITY, and<br>ROBERT L. BARRACK, M.D.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:13-CV-34- JAR<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand. [ECF No. 11] The motion is fully briefed and ready for disposition. For the following reasons, the motion to remand will be granted.

**Background**

Plaintiffs filed this personal injury/medical malpractice/products liability action in the Circuit Court of the City of St. Louis, Missouri, on April 19, 2010. On September 29, 2010, Plaintiffs filed a First Amended Petition. (Doc. No. 11-1) On December 20, 2012, Plaintiffs filed a motion for leave to file a Second Amended Petition adding a class action claim against Defendant Smith & Nephew, Inc. (Doc. No. 11-2) On January 8, 2013, Defendant Smith & Nephew removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[1] (Doc. No. 1) On January 24, 2013, Plaintiffs filed a Motion to Remand stating

---

[1]CAFA gives federal district courts original jurisdiction over class actions in which: (1) the proposed classes have at least 100 members in the aggregate, (2) the amount in controversy exceeds $5 million, exclusive of interest and costs, and (3) minimal diversity of citizenship exists

that Defendant filed its notice of removal prematurely, that is, before the state court granted Plaintiffs leave to amend. Defendant opposes the motion, contending that removal is proper once a motion for leave to include removable claims has been filed. (Doc. No. 13)

**Legal Standard Governing Timely Removal**

28 U.S.C.A. § 1446(b) provides that notice of removal of an action "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

The party invoking jurisdiction has the burden of establishing that all prerequisites to jurisdiction are satisfied. Harris v. Deaconess Health Services Corp., 61 F.Supp.2d 889, 892 (E.D.Mo.1999) (citing Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir.1969). Removal statutes are strictly construed, and any doubts about federal jurisdiction are resolved in favor of state court jurisdiction and remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1991); Transit Casualty Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

**Discussion**

The issue for the Court's determination is when a case becomes removable - when a motion for leave is filed, or when a motion for leave is granted. In support of their motion,

---

between the parties. 28 U.S.C. § 1332(d); Hart v. FedEx Ground Package System, Inc., 457 F.3d 675, 677 (7th Cir. 2006).

2

Plaintiffs argue there is no basis for removal because until the state court grants them leave to file their second amended petition, Plaintiffs' first amended petition does not state a federal claim. (Doc. Nos. 12, 17) Plaintiffs rely on two cases from this District, Davis v. Bemiston-Carondelet Corp., 2005 WL 2452540, at *3 (E.D.Mo. Oct. 4, 2005) and Heck v. City of Pacific, 2011 WL 5914036, at *2 (E.D. Mo. Nov. 28, 2011), which hold that where leave to amend is required, the time for removal does not begin until the state court grants leave to amend the complaint.

> In Davis, the Court instructs:
>
> Until the state judge granted the motion to amend, there was no basis for removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion. The statutory language that we quoted [28 U.S.C. § 1446(b)] speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge. When the motion was granted, the case first became removable, and it was promptly removed. It would be fantastic to suppose that the time for removing a case could run before the case became removable....

2005 WL 2452540, at *3 (citing Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir. 1998); Graphic Scanning Corp. v. Yampol, 677 F.Supp. 256, 258 (D.Del.1988) ("Not until the state court rules on such a motion, and the basis for federal jurisdiction becomes evident, does the time period for removal commence."); Schoonover v. W. Am. Ins. Co., 665 F.Supp. 511, 514 (S.D.Miss.1987) ("The Court is of the opinion, however, that the motion [for leave to amend] did not show that the case had become removable, as required by the plain language of 28 U.S.C. § 1446(b), because the state court retained discretion to deny the leave to amend.")). The Davis Court went on to hold that "[t]he time for removal should not commence until the court grants leave to amend, if such leave is required. To hold otherwise would ground federal jurisdiction

3

for the exercise of real authority upon the speculation that the state court will grant the motion to amend. Until the amendment is authorized, there is no dispute before the court." Davis, 2005 WL 2452540, at *4. See also Heck, 2011 WL 5914036, at *2, and Millentree v. TENT Restaurant Operations, Inc., 2008 WL 4559879, at *2 (W.D. Mo. Oct. 8, 2008) ("The time for removal should not commence until the court grants leave to amend, if such leave is required. . . Until the amendment is authorized, there is no dispute before the court.")

Defendant acknowledges that the Eighth Circuit has not directly addressed this issue, but argues that numerous courts have ruled that the thirty day removal period starts to run when the motion to amend is received. Defendant relies on Webster v. Sunnyside Corp., 836 F.Supp. 629, 631 (S.D. Iowa 1993) and Comes v. Microsoft Corp., 403 F.Supp.2d 897 (S.D. Iowa 2005). (Doc. No. 13)

In Webster, plaintiffs requested leave to file an amended petition in state court and defendants resisted. The state court ultimately granted plaintiffs leave to amend the petition, and defendants sought to remove the case to federal court. 836 F.Supp. at 630. The Court held that the thirty-day clock for removal under 28 U.S.C. § 1446(b) began running when defendants were served with the motion to amend the complaint and thereby had notice of the federal claims. Id. at 631. Webster did not, however, address whether receipt of an amended petition, prior to a request for leave to amend, is sufficient under the removal statute to trigger the 30-day removal period. Davis, 2005 WL 2452540, at *3.

In Comes, plaintiffs moved to amend their complaint. Before the amended complaint was accepted by the state court, Microsoft removed the case to federal court and requested additional time to respond, despite the fact that plaintiffs still retained the right to withdraw or modify their

4

proposed amendment. Following Webster, the Court held that Microsoft filed for removal at an appropriate time, but recognized that this result raised "logistical problems":

> As is demonstrated here, by removing the case before the state court had accepted the petition and also requesting an extension of time in which to resist the amended petition, Microsoft has created a situation where for purposes of the motion to remand the pleadings must be considered at the time of removal, but at the present time, plaintiffs have modified their complaint so as to remove all content that allegedly provides federal question jurisdiction. In Webster, the Court placed heavy emphasis on the fact that remand was the judicially economical outcome. Here, however, that is not the case. Rather, even if this Court were to assume a federal question existed in the Proposed Fourth Amended Complaint, application of the minority rule results in a federal case without a federal question. Thus, although this Court gives Microsoft the benefit of the rule established in Webster in this instance, future litigants and the Court would be better served by waiting until state courts allow amended pleadings before instituting removal actions.

Id. The Comes Court recognized that requiring litigants to wait until the state court has actually accepted the amended pleadings would bring it in line with the majority of other courts that have adopted such a rule. Id. (citing Torres v. Chevron, 2004 WL 2348274 (N.D. Ca. Oct. 18, 2004); Finley v. Higbee Co., 1 F.Supp.2d 701 (N.D.Ohio1997); Hibbs v. Consolidation Coal Co., 842 F.Supp. 215 (N.D. W.Va. Jan. 27, 1994)).

A minority of courts appear to have held that where an amended complaint is the document that first gives the defendant notice of removability, the thirty-day period for removal commences on service of a motion to amend or stipulation permitting amendment. See e.g., Webster, 836 F.Supp. 629. However, this approach has been criticized because it would permit a defendant to remove an action despite the fact that the state court might ultimately deny the motion seeking leave to amend. See Sullivan, 157 F.3d at 1094 ("Until the state judge granted the motion to amend . . . the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion . . . It would be fantastic to suppose that the time for

removing a case could run before the case became removable.")

As a result, other courts, including the Seventh Circuit in Sullivan, 157 F.3d 1092, have held that the removal clock begins to run when the state court grants a plaintiff's motion to amend to state a federal claim. Id. This position has been identified by commentators and courts as the "majority position." See Jackson v. Bluecross and Blueshield of Georgia, Inc., 2008 WL 4862686, at *2 (M.D.Ga. Nov. 10, 2008) (and cases cited therein); Zamora v. Wells Fargo Home Mortgage, 831 F.Supp.2d 1284, 1298-99 (D.N.M. 2011) (and cases cited therein); and Lucente S.P.A. v. Apik Jewelry, Inc., 2007 WL 7209938, at *3-4 (C.D.Cal. Oct. 3, 2007) (and cases cited therein); Brian S. Platt, "Section 1446(b) Federal Removal Jurisdiction and the Thirty Day Clock: Should a Motion to Amend Trigger the Time Bomb," 4 Nev.L.J. 120, 121 (2003) (discussing and comparing the courts' various approaches to this issue).[2]

In the absence of controlling Eighth Circuit authority, this Court concludes that the majority view is the approach followed by courts in this District. Where leave is required to file

---

[2]A third group of courts require the amended complaint actually be filed before the removal clock is triggered. Lucente, 2007 WL 7209938, at *4 (citing Bezy v. Floyd County Plan Commission, 199 F.R.D. 308, 313 (S.D. Ind. 2001); Savilla v. Speedway Superamerica, LLC, 2002 WL 31487914, at *3 (S.D.W.Va. Nov. 7, 2002); Desmond v. BankAmerica Corp., 120 F.Supp. 2d 1201, 1204 (N.D.Cal. 2000)).

Finally, at least one court has required both filing and service of the amended complaint before the thirty-day removal period starts to run. Lucente, 2007 WL 7209938, at *4 (citing Miller v. Stauffer Chemical Co., 527 F.Supp. 775, 777 (D.Kan.1981) ("when amendment of plaintiff s complaint is given as the basis for removal, the date of service of the amended pleading itself should trigger the time within which removal is proper"). See also Finley v. Higbee Co., 1 F.Supp.2d 701, 704-05 (N.D.Ohio 1997) (not reaching the issue because defendant removed within thirty days of an order granting leave to amend, but stating that the court was "inclined to agree with the courts that have held that the time for removal does not begin to run until the amended complaint is actually filed and served.").

the pleading on which removal jurisdiction is based, until the state court grants leave to file the pleading, the Court has no basis for asserting subject matter jurisdiction, and the notice of removal is premature. Sullivan, 157 F.3d at 1094.

Defendant directs the Court to a recent Supreme Court decision, Standard Fire Ins. v. Knowles, 133 S.Ct. 1345 (2013), as supplemental authority in opposition to Plaintiffs' motion to remand. (Doc. Nos. 14, 16) In Standard Fire, the Court held that a party's stipulation that he and the class would seek less than $5 million in damages did not defeat federal jurisdiction under CAFA. Defendant states that while Plaintiffs have not stipulated in their amended petition that they would not seek more than $5 million, Standard Fire is generally instructive regarding a plaintiff's effort to manipulate allegations regarding the amount in controversy to avoid federal jurisdiction. (Doc. No. 14) For the reasons discussed above, Plaintiffs' Second Amended Petition is not properly before the Court and thus cannot factor into its determination of Plaintiffs' motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [11] is **GRANTED** and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 6th day of May, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

7